**6**

**COMMONWEALTH of Kentucky,
Appellant**

v.

**Johnnie Mae HOSKINS and Harold
Edward Clark, Appellees.**

Supreme Court of Kentucky.

June 25, 1976.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, Paul E. Hieronymus, Commonwealth Atty., 41st Judicial Dist., McKee, for appellant.

William Gary Crabtree, London, for appellees.

JONES, Justice.

On March 10, 1975, the Leslie County Grand Jury returned three indictments that charged Johnnie Mae Hoskins and Harold Edward Clark of receiving stolen property. Each of the indictments cited the statute involved under the new penal code [KRS 514.110(1)]. Each indictment also followed verbatim the Official Form for such charge set forth in the Appendix of Forms attached to the Rules of Criminal Procedure.

The trial court sustained the motion of Hoskins and Clark to dismiss each of the indictments because the word "knowingly" was not included in each offense charged in each of the indictments.

The Commonwealth appeals from the order dismissing the indictments. This court is of the opinion that the single issue presented here is whether this court means what it says when it promulgates and adopts rules.

It is apparent that neither counsel for Hoskins and Clark nor the trial court was familiar with RCr 13.06 promulgated by this court, adopted effective February 5, 1975, which provides, "The forms contained in the Appendix of Forms are sufficient under these rules and illustrate the simplicity of statement contemplated."

Each of the indictments against Hoskins and Clark conforms to the Rules of Criminal Procedure in every respect. There is no aura of mystique in omitting "knowingly" from the face of the indictment which otherwise charges an offense. It is true that guilty knowledge is a necessary element for conviction of the crime of receiving stolen property. That is contained in the statute. It is unnecessary that it be included in the indictment. It is enough that it be in the instructions to the jury. RCr 13.06 in clear, precise and plain language states that the forms adopted by this court are sufficient. The trial court ignored the rule.

The judgment is reversed with directions that the three indictments charging Hoskins and Clark with receiving stolen property be reinstated on the criminal docket of the Leslie Circuit Court.

All concur.